## APPEAL OF R. G. HUBBARD.

Docket No. 2425.   Submitted May 20, 1925.   Decided November 9, 1925.

1. Expense of operating an automobile and depreciation thereon disallowed for want of proof.

2. The transfer of unpaid accounts by a corporation to a trustee to collect and pay same to certain stockholders, *held*, to constitute a declaration of a dividend, which became income to the stockholders when paid to them by the trustee.

*David C. Howard, Esq.*, for the taxpayer.
*W. D. Nance, Esq.*, for the Commissioner.

Before MARQUETTE.

This appeal is from the determination of deficiencies in income tax against the above-named taxpayer in the amount of $4,045.06 for the year 1919, and $4,684.02 for the year 1920, as set forth in the deficiency letter mailed to the taxpayer on January 10, 1925.

### FINDINGS OF FACT.

The taxpayer is an individual residing at Charleston, W. Va. During the years 1919 and 1920 he was the president of Lewis, Hubbard & Co., a corporation engaged in the wholesale grocery business at Charleston, and was also an officer and director in several other corporations engaged in business in southern West Virginia.

Some time prior to the year 1919, the taxpayer sustained a fractured hip as the result of a fall. He never fully recovered from the effects of the fall and since that time has walked with a limp and has been compelled to wear one shoe with a built-up or high heel. During the years 1919 and 1920 he was the owner of a Packard automobile and he employed a chauffeur to drive it. During business hours the said automobile was kept standing in front of the taxpayer's place of business and was used to transport him to and from trains when he was leaving the city or returning to the city from business trips; to the offices of the various banks and other business concerns with which Lewis, Hubbard & Co. did business; and to meetings of the officers and directors of the other corporations of which he was an officer or director. The taxpayer had another automobile which was used by him and his family as a pleasure car. The automobile in question was used principally by the taxpayer for business purposes and in going between his home and his office, and at least 50 per cent of its use in the years 1919 and 1920 was in connection with his business. In computing his net income for the years 1919 and 1920, the taxpayer deducted as business expenses the amounts of $694.88 and $594.11, respectively, which amounts he claimed to be one-half of the cost of maintaining and operating the automobile in question during those years.

During the latter part of the year 1916, an agreement was made by and between the active and inactive stockholders of Lewis, Hubbard & Co., to the effect that the inactive stockholders should transfer their common stock in the corporation to the persons actively engaged in the management of the business. In December, 1916, this agreement was carried into effect under an arrangement providing for the exchange of their common stock by the inactive stockholders for preferred stock of Lewis, Hubbard & Co., in an amount equal to the book value of their common stock, after excluding from the

assets of the corporation certain securities owned by it and all accounts theretofore charged off its books. It was also agreed that the securities mentioned should be divided among the inactive stockholders and that the accounts should be turned over to a trustee to be collected by him for the benefit of the new common stockholders, and it was accordingly done.

The accounts in question had been charged off as worthless during the years 1906 to 1916. Their face value was about $205,000. A part of these accounts was subsequently collected by the trustee, and in the year 1920 he turned over to the taxpayer, who was one of the new common stockholders mentioned, $13,963.84, as his share of the amount collected. The experience of Lewis, Hubbard & Co. and of other concerns engaged in the same business and in the same locality shows that, of the accounts charged off as worthless, from 25 to 40 per cent thereof were subsequently collected. The business of Lewis, Hubbard & Co. is in the coal-mining district of West Virginia, and in December, 1916, on account of the increase in the price of and demand for coal, business conditions were improving and the prospects of collecting old accounts were brighter than usual. The accounts involved herein, although they had theretofore been charged off as worthless, had, in fact, in December, 1916, a fair market value of $45,000.

Upon audit of the taxpayer's returns for the years 1919 and 1920, the Commissioner disallowed the deductions claimed by the taxpayer on account of the alleged expense of maintaining and operating the automobile referred to, and also added to his income for the year 1920 the amount received by him in that year from the proceeds of the accounts in question, and determined that there was a deficiency in tax for the year 1919 in the amount of $4,045.06, and for the year 1920 in the amount of $4,682.02.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

MARQUETTE: The taxpayer contends that he is entitled to deduct as a business expense, in computing his net income for the years 1919 and 1920, one-half of the cost of maintaining and operating a certain automobile owned by him and used in connection with his business and also to a deduction in those years for the exhaustion, wear and tear of the automobile. We are of the opinion from the evidence that at least one-half of the use of the automobile in question, during the years 1919 and 1920, was in connection with the taxpayer's business, and that he is entitled to deduct from gross

income so much of the expense of the maintenance and operation of the automobile as is attributable to that use. However, the record fails to show that the taxpayer expended any amounts in the years 1919 and 1920 in maintaining and operating the automobile, nor does it show the cost thereof or its useful life. It therefore follows that the taxpayer has failed to show that he is entitled to any deduction in the years 1919 and 1920 on account of the maintenance, operation, and depreciation of the automobile referred to, and the determination of the Commissioner as to those items must be approved.

The only other question presented by the record is whether or not the amount of $13,963.84, received by the taxpayer in the year 1920 as his share of the amounts collected on the accounts turned over by Lewis, Hubbard & Co. to a trustee for its common stockholders in the year 1916, was income to him in the year 1920. The evidence establishes that in the year 1916 it was desired by the stockholders of Lewis, Hubbard & Co. to effect certain transfers or exchanges of stock, so that the common stock of the corporation would be held by persons actively connected with the business. To effect the exchange to the satisfaction of the several stockholders, certain securities owned by the corporation and all accounts theretofore charged off as worthless were segregated from its other assets, and an exchange of stock was then effected among the various stockholders, based upon the book values of their various holdings, after excluding the securities and accounts referred to, the result of these exchanges being that the old inactive common stockholders received preferred stock in the corporation and the common stock was taken over by the persons active in the business. The securities mentioned were then distributed to the preferred stockholders and the accounts placed in the hands of a trustee to be collected for the benefit of the new common stockholders, of whom the taxpayer herein was one.

It is clear that the action of the corporation, with the assent of all its stockholders, in turning over these accounts to a trustee for the benefit of the new common stockholders constituted a declaration of a dividend to them, payable when the accounts were collected. The taxpayer actually received $13,963.84 of the dividend in 1920, and as he makes his returns upon the basis of cash receipts and disbursements, this amount is properly taxable as a dividend in that year.