*1289 OPINION.
Marquette:
The taxpayer contends that he is entitled to deduct as a business expense, in computing his net income for the years 1919 and 1920, one-half of the cost of maintaining and operating a certain automobile owned by him and used in connection with his business and also to a deduction in those years for the exhaustion, wear and tear of the automobile. We are of the opinion from the evidence that at least one-half of the use of the automobile in question, during the years 1919 and 1920, was in connection with the taxpayer’s business, and that he is entitled to deduct from gross *1290 income so much of the expense of the maintenance and operation of the automobile as is attributable to that use. However, the record fails to show that the taxpayer expended any amounts in the years 1919 and 1920 in maintaining and operating the automobile, nor does it show the cost thereof or its useful life. It therefore follows that the taxpayer has failed to show that he is entitled to any deduction in the years 1919 and 1920 on account of the maintenance, operation, and depreciation of the automobile referred to, and the determination of the Commissioner as to those items must be approved.
The only other question presented by the record is whether or not the amount of $13,963.84, received by the taxpayer in the year 1920 as his share of the amounts collected on the accounts turned over by Lewis, Hubbard & Co. to a trustee for its common stockholders in the year 1916, was income to him in the year 1920. The evidence establishes that in the year 1916 it was desired by the stockholders of Lewis, Hubbard & Co. to effect certain transfers or exchanges of stock, so that the common stock of the corporation would be held by’persons actively connected with the business. To effect the exchange to the satisfaction of the several stockholders, certain securities owned by the corporation and all accounts theretofore charged off as worthless were segregated from its other assets, and an exchange of stock was then effected among the various stockholders, based upon the book values of their various holdings, after excluding the securities and accounts referred to, the result of these exchanges being that the old inactive common stockholders received preferred stock in the corporation and the common stock was taken over by the persons active in the business.' The securities mentioned were then distributed to the preferred stockholders and the accounts placed in the hands of a trustee to be collected for the benefit of the new common stockholders, of whom the taxpayer herein was one.
It is clear that the action of the corporation, with the assent of all its stockholders, in turning over these accounts to a trustee for the benefit of the new common stockholders constituted a declaration of a dividend to them, payable when the accounts were collected. The taxpayer actually received $13,963.84 of the dividend in 1920, and as he makes his returns upon the basis of cash receipts and disbursements, this amount is properly taxable as a dividend in that year.